IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ESAW LAMPKIN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv496 |
| BOBBY DEAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Esaw Lampkin, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged denials of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Lampkin named State Trooper Bobby Dean, Gregg County sheriff's deputy Joe Cassin, Nurse Don Leach, defense attorney Brandon Winn, and forensic lab technician Karen Ream.

**I. Background**

Lampkin states that he was arrested on July 12, 2013, for a stolen pickup truck. He refused DWI tests and was taken to Good Shepherd Hospital in Longview, where blood was forcibly drawn from him. Dean put the blood sample in his car and left it there for two weeks before it was tested. Ream tested the sample on an improperly calibrated machine. Dean did not appear in front of a magistrate to get a search warrant and there is no transcript of his phone conversation. Winn withheld the video tape from the jury.

State court records show Lampkin was convicted of driving while intoxicated and sentenced to 99 years in prison. On appeal, the Sixth Judicial District Court of Appeals determined that the evidence was sufficient to support the jury's verdict of guilt and no error or alleged ineffectiveness

of counsel impacted the guilt or innocence phase of Lampkin's trial, but the trial court erred in failing to grant a new trial based on counsel's ineffectiveness in failing to investigate and present mitigating evidence. The case was thus remanded to the trial court for a new trial on punishment only. *Lampkin v. State*, 470 S.W.3d 876 (Tex.App.-Texarkana 2015, pet. ref'd).

## II. The Magistrate Judge's report

The magistrate judge issued an initial report recommending that the claims which could implicate the legality of Lampkin's conviction be dismissed until such time as Lampkin can show that his conviction has been reversed on direct appeal, expunged by executive order, or called into question by the issuance of a federal writ of habeas corpus. Although Lampkin's sentence was set aside and the case remanded for re-sentencing, his conviction has not been set aside. The magistrate judge also concluded that Lampkin could not prevail in a §1983 lawsuit against his defense attorney in any event inasmuch as defense counsel is not a state actor.

The magistrate judge recommended dismissal of the claims against Nurse Leach, who actually drew his blood, and his claims under the Americans with Disabilities Act, but determined that Lampkin's claims against Dean and Cassin for using excessive force to restrain him while his blood was drawn required further judicial proceedings.

## III. Lampkin's Objections

In his objections, Lampkin states that Nurse Leach was "recklessly engaged in professional misconduct" by forcibly sticking the needle in his arm and withdrawing "more than one unit of blood." According to the Twelfth Court of Appeals, Lampkin refused to submit to the blood draw even after being shown a warrant, and there was no evidence that Lampkin was actually injured. *Lampkin*, 470 S.W.3d at 899. Lampkin has failed to show that Nurse Leach acted in an unreasonable manner. This objection is without merit.

The Magistrate Judge recommended dismissal of Lampkin's claims that the warrant was unlawful, he was unlawfully interrogated, Dean tampered with the blood sample, the testing was improper and the machine was improperly calibrated, and he received ineffective assistance of

counsel based on the fact that if these claims were proven, the legality of Lampkin's conviction could be called into question. The Supreme Court has stated as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 S.Ct. 383 (1994)

In his objections, Lampkin refers to the reversal of his sentence by the Twelfth Court of Appeals, but the court reversed only his sentence, not the underlying conviction. All of Lampkin's claims other than ineffective assistance of counsel implicate the validity of the conviction itself, not merely the sentence; in other words, these claims involved alleged actions which, if proven, could render the conviction itself invalid. In order to proceed on these claims, Lampkin must show that the conviction itself has been reversed, which it has not been at this time.

Lampkin's sentence was reversed because the court of appeals determined that he had received ineffective assistance of counsel during the punishment phase. Thus, Lampkin's claim of ineffective assistance against his attorney, Brandon Winn, in this regard is not barred by *Heck*.

However, as the magistrate judge observed, Lampkin cannot prevail in a civil rights lawsuit against Winn because he has not alleged, much less shown, facts demonstrating that his defense attorney was a state actor for purposes of §1983. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 U.S. 445, 70 L.Ed.2d 509 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Thus, even though Lampkin's claims of ineffective assistance relating to the punishment phase are not barred by *Heck,* his lawsuit against Winn must fail because Winn was not acting under color of state law, as required for a §1983 lawsuit. *Hagerty v. Succession of Clement*, 749 F.2d 217, 221 (5th Cir. 1984). Lampkin's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the initial report of the magistrate judge (docket no. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claims against the Defendants Brandon Winn and Don Leach, and his claims under the Americans with Disabilities Act, are **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the Plaintiff's claims against Karen Ream and those claims against Bobby Dean and Joe Cassin which implicate the legality of his conviction are **DISMISSED WITH PREJUDICE** until such time as Lampkin can show that his conviction has been overturned, expunged, set aside, or called into question through the issuance of a federal writ of habeas corpus. Winn, Leach, and Ream are **DISMISSED** as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon Lampkin's claim against Dean and Cassin for allegedly using excessive force upon him.

**SIGNED this 13th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE