IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ESAW LAMPKIN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:15cv496 |
| BOBBY DEAN, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON DEFENDANT JOE CASSIN'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Esaw Lampkin, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Lampkin named Texas Department of Public Safety officer Bobby Dean, Gregg County Sheriff's Deputy Joe Cassin, Good Shepherd Hospital nurse Don Leach, defense attorney Brandon Winn, and forensic lab technician Karen Ream. Of these defendants, Leach, Winn, and Ream have previously been dismissed. This Memorandum Opinion concerns the motion for summary judgment filed by the Defendant Joe Cassin.

**I. Background**

Lampkin states that he was stopped by Cassin on the Interstate 20 service road on July 12, 2013, and placed under arrest for driving a stolen pickup truck. Lampkin claims Cassin handcuffed him so tightly that he suffered harm and damage. According to Lampkin, Officer Dean arrived and conducted an illegal interrogation. When Lampkin refused to take DWI tests, the officers took him to Good Shepherd Hospital in Longview. There, Lampkin asserts that he was slammed face down on a hospital bed with his hands cuffed behind his back. His arms were twisted up and a needle

1

forcibly stuck in him for a blood draw. As a result, Lampkin states that he suffered pain and sustained a shoulder injury; he also claimed that he was "smothered to the point of asphyxiation."

As a result of the allegedly illegal interrogation, Lampkin states that he was forced to admit he had consumed three Natural Light beers. He was confused because he is a mental health patient and could not add or subtract properly. Lampkin asserts he was denied his right to counsel. Lampkin also argues that he was not involved in an accident, meaning the officers did not meet the requirements for obtaining a warrant. Lampkin claims that Dean left the blood sample in his car for two weeks before it was tested and Dean did not appear in front of a magistrate to obtain a search warrant, nor is there a transcript of any telephone call to the magistrate. The warrant also was not properly signed. Lampkin also claims that his rights under the Americans with Disabilities Act were violated.

After initial review of the case, the Court dismissed all of Lampkin's claims which could implicate the validity of his conviction, as well as his claims under the Americans with Disabilities Act. The Defendants Nurse Leach, Brandon Winn, and Karen Reams were dismissed from the lawsuit, and the only remaining claims are Lampkin's allegations of excessive force against Officers Cassin and Dean.

**II. Cassin's Motion for Summary Judgment and the Response**

Officer Cassin invoked his entitlement to qualified immunity and argued that he did not use excessive force during the blood draw because he was not at the hospital when the blood draw took place. He offered summary judgment evidence, in the form of the dashboard camera video, which showed that Lampkin never complained about handcuffs being too tight.

Dean also filed a motion for summary judgment, which included Lampkin's medical records as summary judgment evidence. These medical records show that Lampkin complained that the handcuffs caused pain to his left wrist and Lampkin was examined by a doctor. This examination showed no injury, but found that Lampkin's circulation was intact in all extremities and sensations

were intact. There was no trauma, no injuries to his arms, normal vital signs, and no indications for imaging. Lampkin was medically cleared to return to jail.

In his response to the motion for summary judgment, Lampkin acknowledged that Matt Beatty and Chris Taylor, not Cassin, were the officers who accompanied Dean to Good Shepherd Hospital. He attached copies of sick call requests and medical logs showing that he made numerous complaints about pain in his shoulder while he was in jail, but none of these records contain any objective findings of injury.

### III. The Report of the Magistrate Judge

The Magistrate Judge issued a Report stating first that the summary judgment evidence, including Lampkin's acknowledgment in his response to the motion for summary judgment, shows that Cassin was not at Good Shepherd Hospital at any point while Lampkin was there. The Magistrate Judge thus concluded that Cassin was entitled to summary judgment with regard to any claim against him for excessive force during the blood draw.

Although Lampkin complained that Cassin handcuffed him too tightly during his initial arrest, the Magistrate Judge observed that the videotape of the arrest contained no indication that Lampkin ever complained about the handcuffs. Instead, the videotape showed that Lampkin did not react when the handcuffs were applied and his actions and movements on camera did not indicate that he was in pain or the handcuffs were too tight.

While Lampkin did complain about the handcuffs at the hospital, the Magistrate Judge observed that an examination found no trauma, no injuries, normal vital signs, and no indications for imaging. The medical records which Lampkin offered reflect only complaints that he made and do not contain any objective findings of injury. The Magistrate Judge determined that Officer Cassin was entitled to qualified immunity and recommended that the motion to dismiss be granted.

**IV. Lampkin's Objections**

Lampkin has filed a pleading which he entitled "Memorandum of Law in Support - Motion Objection to Alter and Amend Judgment, Federal Rule Civil Procedure 59(e), Motion against (A) Defendant Cassin's Motion for Summary Judgment Dismissal to Reinstatement of Claims." In the interest of justice, this will be construed as objections to the Report of the Magistrate Judge recommending that Cassin's motion for summary judgment be granted.

In his objections, Lampkin first asserts that he complained to Dean about the handcuffs being too tight while being transported to Good Shepherd Hospital. Although he argues that the video tape is evidence of the pain and discomfort which he suffered, the Magistrate Judge correctly determined that a review of the videotape gave no indication that Lampkin suffered pain or discomfort from the handcuffs at any point.

Similarly, Lampkin contends that the medical records demonstrate a genuine issue of material fact sufficient to overcome qualified immunity, but the records from the hospital on the same day the incident occurred show that Lampkin was examined and found to be uninjured. Lampkin's unsubstantiated and conclusory assertion that the physician at Good Shepherd Hospital "misdiagnosed" him does not raise a genuine issue of material fact. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (once the defendant has shifted the burden to the plaintiff by properly supporting his motion for summary judgment, the plaintiff cannot meet this burden by conclusory allegations or unsubstantiated assertions); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion). The medical records offered by Lampkin do not raise a genuine issue of material fact because they do not contain any objective findings of any injury. *See Wilburn v. Shane*, 193 F.2d 517, 1999 U.S. App. LEXIS 38885, 1999 WL 706141 (5th Cir., August 20, 1999) (where objective medical evidence rendered the plaintiff's allegations implausible, the district court properly granted summary judgment for the defendants), *citing Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990); *accord, Carter v. Prator*, civil action no. 5:12cv1233, 2013 U.S. Dist. LEXIS 105190, 2013 WL 3894134 (W.D.La., July 26,

2013) (where plaintiff's allegations were unsubstantiated and in fact contradicted by the objective medical records, there was no genuine issue as to his injuries). This objection is without merit.

After citing case law regarding the definition of a serious medical need, Lampkin contends that he told the officers that he had suffered harm because of the tightness of the handcuffs. He argues that Cassin is not entitled to qualified immunity. Lampkin maintains that his actions on the videotape show that he complained about the handcuffs and that the medical evidence verifies he had a serious medical condition.

In an attached declaration, Lampkin again contends that while being transported by Dean, he complained about the handcuffs being too tight, asserting that a dashboard camera videotape from Dean's patrol car would prove this. While a camera video from Cassin's car has been offered in evidence, there is no video from Dean's patrol car presently before the Court.

Even assuming Lampkin did tell Dean that the handcuffs were too tight, this would have occurred on the way to or at Good Shepherd Hospital. After they arrived at the hospital, Lampkin was seen by a doctor, who determined that he had suffered no trauma or injuries. The Fifth Circuit has stated that handcuffing too tightly, without more, does not amount to excessive force. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

In order to bring a claim under the Fourth Amendment, the plaintiff must first show that he was seized, and then must show that he suffered: (1) an injury; that (2) resulted directly and only from the use of force that was clearly excessive to the need; and that (3) the force used was clearly unreasonable. *Hamilton v. Kindred*, — F.3d —, 2017 U.S. App. LEXIS 623, 2017 WL 124372 (5th Cir., January 12, 2017), *citing Flores v. Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). The Magistrate Judge properly determined that based upon the competent summary judgment evidence, Lampkin failed to meet the elements of a Fourth Amendment claim and failed to overcome Cassin's defense of qualified immunity. Lampkin's objections are without merit.

**III. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 133) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant Joe Cassin's motion for summary judgment (docket no. 97) is **GRANTED** and the claims against Cassin are **DISMISSED WITH PREJUDICE**. The Defendant Joe Cassin is **DISMISSED** as a party to the lawsuit. It is further

**ORDERED** that the Defendant Joe Cassin's motion to dismiss (docket no. 58) is **DENIED** as moot.

**So Ordered and Signed**
**Jan 27, 2017**

_____
Ron Clark, United States District Judge