IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN | § | |
| v. | § | CIVIL ACTION NO. 6:15cv496 |
| BOBBY DEAN, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT BOBBY DEAN'S MOTION FOR SUMMARY JUDGMENT
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Esaw Lampkin, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Lampkin named Texas Department of Public Safety officer Bobby Dean, Gregg County Sheriff's Deputy Joe Cassin, Good Shepherd Hospital nurse Don Leach, defense attorney Brandon Winn, and forensic lab technician Karen Ream. Of these defendants, Leach, Winn, Ream, and Cassin have previously been dismissed. This Memorandum Opinion concerns the motion for summary judgment filed by the Defendant Bobby Dean.

**I. Background**

Lampkin states that he was stopped by Cassin on the Interstate 20 service road on July 12, 2013, and placed under arrest for driving a stolen pickup truck. Lampkin claims Cassin handcuffed him so tightly that he suffered harm and damage. According to Lampkin, Officer Dean arrived and conducted an illegal interrogation. When Lampkin refused to take DWI tests, the officers took him to Good Shepherd Hospital in Longview. There, Lampkin asserts that he was slammed face down on a hospital bed with his hands cuffed behind his back. His arms were twisted up and a needle

1

forcibly stuck in him for a blood draw. As a result, Lampkin states that he suffered pain and sustained a shoulder injury; he also claimed that he was "smothered to the point of asphyxiation."

As a result of the allegedly illegal interrogation, Lampkin states that he was forced to admit he had consumed three Natural Light beers. He was confused because he is a mental health patient and could not add or subtract properly. Lampkin asserts he was denied his right to counsel. Lampkin also argues that he was not involved in an accident, meaning the officers did not meet the requirements for obtaining a warrant. Lampkin claims that Dean left the blood sample in his car for two weeks before it was tested and Dean did not appear in front of a magistrate to obtain a search warrant, nor is there a transcript of any telephone call to the magistrate. The warrant also was not properly signed. Lampkin also claims that his rights under the Americans with Disabilities Act were violated.

After initial review of the case, the Court dismissed all of Lampkin's claims that could implicate the validity of his conviction, as well as his claims under the Americans with Disabilities Act. The Defendants Nurse Leach, Brandon Winn, and Karen Reams were dismissed from the lawsuit at that time.

Officers Cassin and Dean were ordered to answer the lawsuit and filed separate motions for summary judgment. Cassin's motion for summary judgment was granted on January 27, 2017, leaving only Lampkin's allegation of excessive force by Officer Dean.

## II. Dean's Motion for Summary Judgment and the Response

In his motion for summary judgment, Officer Dean invoked his entitlement to qualified immunity and argued that Lampkin did not adequately plead any claim against him. He attached as summary judgment evidence copies of an investigative report from the Texas Department of Public Safety Office of the Inspector General as well as Lampkin's health records from Good Shepherd Hospital.

The investigative report showed that Dean took Lampkin to the hospital and obtained a blood search warrant. He showed the warrant to Lampkin, who insisted it was not valid. Lampkin refused

to cooperate with the blood draw and was placed on a hospital bed, where he was held down by Dean as well as Officers Chris Taylor and Matt Beatty while the nurse drew the blood sample. The investigator concluded that there was no evidence of misconduct by Dean and sufficient evidence to show that Lampkin's complaints were false or greatly exaggerated. Lampkin's medical records showed that prior to his release from the hospital, he was examined by a doctor, who found no trauma suffered that evening, no injuries to Lampkin's arms, normal vital signs, no gross changes to his arms, and no indications for imaging. Nurse's notes showed that Lampkin could move all of his fingers and had positive pulses in both hands, good capillary refill, and no swelling.

Lampkin filed a response to the motion for summary judgment contending that Dean's actions were outside the course and scope of his employment and Dean is therefore not entitled to claim sovereign immunity. He also maintained that Dean is not entitled to qualified immunity and that Dean forcibly withdrew the blood sample without his consent even though there had not been a car accident, allegedly in violation of Texas law.

**III. The Report of the Magistrate Judge**

The Magistrate Judge issued a Report recommending that Dean's motion for summary judgment be granted. The Magistrate Judge stated first that Lampkin's claims against Dean concerning the legality of the warrant, the legality of the interrogation, and the alleged tampering with the blood sample implicate the legality of his conviction and have previously been dismissed, leaving only the claim of excessive force.

The Magistrate Judge observed that according to the summary judgment evidence, Lampkin was handcuffed at the scene of the arrest but did not complain that the handcuffs were too tight. Instead, the videotape showed that Lampkin did not react when the handcuffs were applied and his actions and movements on camera did not indicate that he was in pain or the handcuffs were too tight.

The Magistrate Judge recounted the facts that Lampkin was taken to the hospital and a warrant obtained from a judge for the blood draw. Lampkin resisted the blood draw, telling the

3

officers that the warrant was invalid. Officers Dean, Taylor, and Beatty held him while a nurse drew the blood. Subsequent examination by a doctor revealed no injuries. In addition, the Magistrate Judge observed that in Lampkin's criminal appeal, the Sixth Judicial District Court of Appeals stated that there was no evidence offered at trial showing that Lampkin had been injured as a result of the blood draw. *Lampkin v. State*, 470 S.W.3d 876, 888, 899 (Tex.App.-Texarkana 2015, pet. ref'd).

Based on these facts, the Magistrate Judge concluded that Lampkin failed to show he suffered an injury which resulted from an unreasonably excessive use of force. The courts have held that restraining a person during a blood draw conducted pursuant to a warrant is not a Fourth Amendment violation even if force is used to overcome the subject's resistance. *Speirs v. City of Universal City, Texas*, civil action no. SA-10-CV-0222, 2010 U.S. Dist. LEXIS 67718, 2010 WL 2721438 (W.D.Tex., July 8, 2010), *citing United States v. Bullock*, 71 F.3d 171, 177 (5th Cir. 1995). The Magistrate Judge concluded that Lampkin failed to show the amount of force used to obtain the sample was excessive or unreasonable.

Although Lampkin also offered medical records as summary judgment evidence, these records reflected only complaints which he had made and did not contain any objective findings of injury. The Magistrate Judge determined that Lampkin's subjective complaints, absent any objective findings, could not defeat a motion for summary judgment. In this regard, the Magistrate Judge observed that a prisoner's self-diagnosis or bare assertion of a serious medical condition is insufficient without medical evidence verifying that the condition exists. *Aswegan v. Henry*, 49 F.3d 461, 465 (8th Cir. 1995); *accord, Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (prisoner's self-diagnosis alone will not support a medical conclusion); *McClure v. Foster*, civil action no. 5:10cv78, 2011 WL 665819 (E.D.Tex., January 7, 2011), *Report adopted at* 2011 U.S. Dist. LEXIS 15437, 2011 WL 941442 (E.D.Tex., February 16, 2011), *aff'd* 465 F.App'x 373, 2012 U.S. App. LEXIS 6385, 2012 WL 1059408 (5th Cir., March 29, 2012).

The Magistrate Judge further concluded that Dean was entitled to Eleventh Amendment immunity from claims for monetary damages against him in his official capacity and qualified immunity from claims for monetary damages against him in his individual capacity.

## IV. Lampkin's Objections to the Report

In his objections, Lampkin asserts that the Magistrate Judge was biased and the Report attempts to "divert attention to irrelevant matters." He repeats his claim that he was slammed face down on a bed for a non-consensual blood draw and again contends that his Fourth Amendment rights were violated because there was no car accident to justify the blood draw.[1] Lampkin refers to the medical records he submitted and states that the doctor at Good Shepherd Hospital failed to diagnose or treat his injuries. He complains Dean did not appear before a magistrate to obtain the warrant and there is no transcript of a telephone conversation between Dean and the magistrate, rendering the warrant improperly signed. Lampkin further asserts that the interrogation was unlawful because he did not have a lawyer present.

Lampkin contends that the handcuffs were placed on him so tightly that they cut off the blood flow and caused serious swelling, rendering him unable to move his fingers. He complains that the doctor improperly treated him, but offers no objective medical evidence showing that he suffered any injury. Finally, Lampkin argues that Dean is not entitled to qualified immunity because the officer's actions were unconstitutional. He asserts that he has met his burden of showing that Dean acted in an objectively unreasonable manner.

## V. Discussion

All of Lampkin's claims that could implicate the legality of his conviction, including his assertions concerning the warrant and the interrogation, have previously been dismissed pursuant

---

[1]The portion of Texas law which Lampkin cites, Tex. Transportation Code §724.012(b), provided for warrantless blood draws under certain circumstances. This statute is inapplicable to Lampkin's case because Dean obtained a warrant prior to the draw. *See, e.g. Droomgoole v. State*, 470 S.W.3d 204, 215 (Tex.App.-Houston [1st Dist.] 2015, pet. ref'd), *cert. denied*, 136 S.Ct. 2452 (2016).

to *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). This case held that in order to recover damages for harms caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal writ of habeas corpus. Because these claims have already been dismissed, they are not at issue here.

The Magistrate Judge correctly concluded that the fact blood was drawn from Lampkin without his consent, based on a warrant, did not itself violate Lampkin's constitutional rights. *See Callaway v. City of Austin*, 2015 WL 4323174 (W.D.Tex., July 14, 2015) (officers are entitled to use reasonable force to effectuate a blood draw pursuant to a warrant).

In order to prevail on his excessive force claim, Lampkin must show that he suffered (1) an injury, (2) which resulted directly and only from a use of force which was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). The Magistrate Judge determined that Lampkin failed to meet this standard.

The summary judgment evidence shows Lampkin was seen by a doctor and by a nurse, and that no signs of injuries were found. Lampkin's bare and conclusory allegations of injury, absent any objective support in the record, are insufficient to overcome a properly supported motion for summary judgment. *See Wilburn v. Shane*, 193 F.2d 517, 1999 U.S. App. LEXIS 38885, 1999 WL 706141 (5th Cir., August 20, 1999) (where objective medical evidence rendered the plaintiff's allegations implausible, the district court properly granted summary judgment for the defendants), *citing Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990); *accord, Carter v. Prator*, civil action no. 5:12cv1233, 2013 U.S. Dist. LEXIS 105190, 2013 WL 3894134 (W.D.La., July 26, 2013) (where plaintiff's allegations were unsubstantiated and in fact contradicted by the objective medical records, there was no genuine issue as to his injuries).

The Fifth Circuit has explained that in order to avoid summary judgment, the non-moving party must adduce admissible evidence that creates a fact issue concerning the existence of

6

every essential component of that party's case. *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). This burden cannot be met by unsubstantiated assertions of actual dispute, some metaphysical doubt about the material facts, conclusory allegations, or by only a scintilla of evidence. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994). Lampkin's objections to the Magistrate Judge's determination in this regard are without merit.

As the Magistrate Judge stated, Lampkin did present medical records in support of his claims, but these records simply recounted complaints which he made and contained no objective findings of injuries. *See Foxworth v. Khoshdel*, civil action no. 4:07cv03944, 2009 U.S. Dist. LEXIS 89581, 2009 WL 3255270 (S.D.Tex., September 28, 2009) (summary judgment was appropriate where prisoner claimed damage to gums and mouth from chewing without dentures, but the medical records in the summary judgment evidence wholly failed to support this claim); *Robles v. Glenn*, civil action no. 9:06cv256, 2007 U.S. Dist. LEXIS 41092, 2007 WL 1655335 (E.D.Tex., June 5, 2007) (inmate who claimed he was struck in the arm with a food slot bar, but was seen that day by a nurse and four days later by a doctor, neither of whom found any signs of injury, failed to state a claim upon which relief may be granted). The medical records offered by Lampkin cannot serve to defeat Officer Dean's motion for summary judgment. This objection is without merit.

In *Cox v. DeSoto County Jail of Hernando, et al.*, civil action no. 3:13cv226, 2015 WL 541254 (N.D.Miss., February 10, 2015), the plaintiff complained of mistreatment and physical abuse while confined in the DeSoto County Detention Center. However, the only evidence supporting these allegations could be found in the allegations of her complaint and the statements in her response to the motion for summary judgment; the available documentary evidence wholly failed to support her claims and in fact indicated that nothing of note occurred during her incarceration. In granting the defendants' motion for summary judgment, the district court stated that the plaintiff "has simply failed to present competent evidence to support her allegations and defeat the

defendants' motion for summary judgment." Lampkin has likewise failed to present competent evidence in support of his claims.

Similarly, Lampkin has failed to overcome Officer Dean's entitlement to Eleventh Amendment and qualified immunity. As an officer of the Texas Department of Public Safety, an agency of the State of Texas, Dean is entitled to Eleventh Amendment immunity from claims for monetary damages brought against him in his official capacity. *McGrew v. Texas Board of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *Taylor v. Seamans*, 640 F.Supp. 831, 833 (E.D.Tex. 1986).

The Fifth Circuit has held that when a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). The plaintiff must do so by establishing that the official's allegedly wrongful conduct violated clearly established law. *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). Lampkin has failed to meet this burden. The summary judgment evidence shows that Officer Dean transported Lampkin to the hospital and obtained a warrant to perform a blood draw. Lampkin resisted the draw, but the amount of force used was minimal enough that a subsequent examination by a doctor failed to reveal any signs of trauma or injury. The Magistrate Judge correctly concluded that Officer Dean is entitled to qualified immunity. Lampkin's objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 138) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant Bobby Dean's motion for summary judgment (docket no. 110) is **GRANTED** and the claims against Dean are **DISMISSED WITH PREJUDICE**. Because all claims and parties have now been dismissed, it is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 16th day of April, 2017.**

_____
Ron Clark, United States District Judge