IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN | § | |
| v. | § | CIVIL ACTION NO. 6:15cv496 |
| BOBBY DEAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

The Plaintiff Esaw Lampkin, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Lampkin named Gregg County Sheriff's Deputy Joe Cossin, Texas Department of Public Safety officer Bobby Dean, Good Shepherd Hospital nurse Don Leach, defense attorney Brandon Winn, and forensic lab technician Karen Reams.

**I. Background**

Lampkin was arrested on July 12, 2013, by Officer Cossin for driving a stolen vehicle. After he refused to take tests for driving while intoxicated, Lampkin was transported to Good Shepherd Hospital in Longview. He claimed he was slammed face down on a hospital bed with his handcuffed behind his back so that blood could be forcibly withdrawn by Nurse Leach. Lampkin claimed that the warrant for the blood draw was unlawfully obtained and that Officer Dean left the blood sample in his car for two weeks, tainting it. He also complained that Reams carried out faulty testing on an improperly calibrated machine, Leach threatened to break off the needle in his arm, and he received ineffective assistance of counsel from Winn.

1

After dismissing Leach, Winn, Reams, and all of the claims implicating the validity of Lampkin's conviction, the Court ordered Cossin and Dean to answer the lawsuit. Both of these parties filed separate motions for summary judgment. The summary judgment evidence showed that after the blood draw took place, Dean was examined by Dr. Justin Morris, who found no trauma suffered that evening, no injuries to Lampkin's arms, normal vital signs, no gross changes to the arms, and no indications for imaging. The motions for summary judgment were granted and Lampkin's lawsuit was dismissed on April 17, 2017.

### III. Lampkin's Motion to Alter or Amend the Judgment

On April 27, 2017, Lampkin filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). This motion claimed that Lampkin had complained of the handcuffs being too tight when Dean took him to the hospital. Lampkin argued that being slammed on the bed amounted to excessive force and the infliction of cruel and unusual punishment. He contended that the subsequent examination by Dr. Morris was "invalid."

In an attached memorandum of law, Lampkin stated that trial court records from a bond reduction hearing in Gregg County revealed evidence of serious injuries resulting from the blood draw. He complained that a video showing he complained about the handcuffs to Officer Dean had been destroyed. Lampkin asserted that he should have had an opportunity to present his claims to a jury, the Court abused its discretion by dismissing his lawsuit, the opinion of the doctor is not reliable, the doctor committed malpractice, and the Court must consider whether the doctor is qualified by training or experience or is board-certified. Lampkin also referred to a privilege log in some uncertain context.

### IV. The Report of the Magistrate Judge

The Magistrate Judge observed that relief under Fed. R. Civ. P. 59(e) is appropriate where there has been an intervening change in controlling law, the movant presents newly discovered evidence which was previously unavailable, or to correct a manifest error in law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir.2003). A Rule 59(e) motion cannot be used

to raise arguments which could and should have been made before the judgment issued. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

While Lampkin referred to medical records as well as records from a hearing in Gregg County, the Magistrate Judge noted that Lampkin did not offer any such records. The Magistrate Judge stated that neither Lampkin's self-diagnosis of injury nor his invocation of records not before the Court amounted to newly discovered evidence or otherwise justified setting aside the final judgment. The Magistrate Judge concluded that there was adequate basis for the granting of summary judgment and that Lampkin failed to show any valid basis to alter or amend the final judgment.

**V. Lampkin's Objections**

Lampkin's objections to the Magistrate Judge's Report consist largely of repeating his claims.  He asserts that he was slammed on a hospital bed and his arms twisted while Nurse Leach forcibly withdrew blood, the warrant was unlawfully obtained, and Dean tainted the blood sample by leaving it in his car. He claims these actions violated his rights under the Fourth and Eighth Amendments.

Lampkin states that the Supreme Court has the authority to decide "unconstitutional legal issues and disputes" and cites a district court case from Wisconsin in which requiring a prisoner to choose between using his out of cell time for recreation or to go to the law library was held an Eighth Amendment violation. *Kaufman v. Schneiter*, 474 F.Supp.2d 1014, 1030-31 (W.D.Wisc. 2007).

After arguing that he has the right of access to courts, Lampkin asserts that the improperly calibrated machine which read his blood sample was harmful error. He states that his freedom of movement was restricted by the handcuffs, rendering his interrogation illegal. Lampkin refers to the Model Penal Code and states that the records of the bond reduction hearing set out genuine issues of material fact, although he again does not attach copies of any such records.  He also argues that the Defendants are not entitled to qualified immunity, although he does not elaborate.

**VI. Discussion**

Objections to a Magistrate Judge's Report must be sufficiently specific to focus the district court's attention on the factual and legal issues which are truly in dispute. *United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (*en banc*). General, vague, conclusory, or frivolous objections will not suffice; such objections need not be considered and have the same effect as a failure to object. *See Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987); *Aldrich v. Bock*, 327 F.Supp.2d 743, 747-48 (E.D.Mich. 2004).

Lampkin's repetitions of the claims raised in his complaint are not specific objections to any proposed findings, conclusions, or recommendations of the Magistrate Judge. His claim that the Supreme Court has authority to decide constitutional issues and his citation to a Wisconsin case concerning out of cell time are irrelevant to the issues before the Court. His complaints about allegedly improper calibration of the blood analysis machine and the allegedly unlawful interrogation implicate the validity of his conviction for driving while intoxicated, which complaints were the subject of a prior Report and not the present one. In any event, Lampkin has failed to show any error in the Court's determination that he cannot proceed on a civil rights claim implicating the validity of his conviction until this conviction has been reversed on appeal, expunged by executive order, or called into question through a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The Model Penal Code is not at issue in this case. Lampkin again refers to alleged records from a bond reduction hearing but does not provide copies of such records, and they are not before the Court nor part of the evidence in this case. Lampkin has failed to meet his burden of overcoming the Defendants' claim to qualified immunity. *See Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (once a state official asserts the defense of qualified immunity, the burden shifts to the plaintiff to show that the defense is not available).

Lampkin has not shown an intervening change in controlling law, presented newly discovered evidence which was previously unavailable, or demonstrated that a manifest error in law or fact occurred. He has failed to show he is entitled to alteration or amendment of the judgment and his objections are without merit.

## VII. Conclusion

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Plaintiff's motion to alter or amend the judgment, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 150) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion to alter or amend the judgment (docket no. 145) is **DENIED**. Fed. R. Civ. P. 59(e).

So **ORDERED** and **SIGNED** this **28** day of **July, 2017.**

_____
Ron Clark, United States District Judge